# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## DOCKET NO. 3:11-cv-00516-W

| | |
|---|---|
| TERRY A. HARRIS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CHARLOTTE-MECKLENBURG )<br>SCHOOLS and CHARLOTTE- )<br>MECKLENBURG POLICE )<br>DEPARATMENT, )<br>)<br>Defendants. )<br>) | NOTICE and ORDER |

THIS MATTER is before the Court *sua sponte* following Defendants' filing of a Motion to Dismiss (Doc. No. 7) and memorandum in support thereof (Doc. No. 7-1). In furtherance of the principles set forth in Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff, who is proceeding pro se, is cautioned that Defendants have filed a Motion to Dismiss contending that she has failed to state a cause of action against them to establish this Court has subject matter jurisdiction in this case.

Defendants filed a Motion to Dismiss under Rule 12(b)(1) contending that this Court lacks subject matter jurisdiction over Plaintiff's claims. Plaintiff is advised that Rule 12(b)(1) provides for dismissal where the court lacks jurisdiction over the subject matter of the lawsuit. Lack of subject-matter jurisdiction may be raised at any time either by a litigant or the court. Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884). The ability of the court to independently address subject-matter jurisdiction is important to finality inasmuch as a litigant, even one who remains silent on the issue of jurisdiction, may wait until they receive an adverse judgment from a district court and raise the issue of subject-matter jurisdiction for the first time on appeal, thereby

voiding the judgment. Capron v. Van Noorden, 2 Cranch 126, 127, 2 L.Ed. 229 (1804). The Federal Rules of Civil Procedure anticipate this issue and provide that "If the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action." Fed.R.Civ.P. 12(h)(3) (2010) (emphasis added).

When a court considers its subject-matter jurisdiction, the burden of proof is on the plaintiff. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). In Richmond, Fredricksburg & Potomac R.R. Co. V. United States, 945 F.2d 765 (4th Cir. 1991) (Ervin, C.J.), the Court of Appeals for the Fourth Circuit held, as follows:

> In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. A district court order dismissing a case on the grounds that the undisputed facts establish a lack of subject matter jurisdiction is a legal determination subject to de novo appellate review.

Richmond, Fredricksburg & Potomac R.R. Co., 945 F.2d at 768-69 (citations omitted). Therefore, Plaintiff is entitled to present evidence outside the pleadings if it is helpful to establishing subject matter jurisdiction.

To some extent, Defendants' motion also implicates Rule 12(b)(6) of the Federal Rules of Civil Procedure. In order to survive a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, Plaintiff's "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads sufficient factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. At 1949 (citing Twombly, 550 U.S. at 556). While the Court accepts plausible factual allegations in the complaint as true and considers those facts in the light most favorable to a plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000). A court cannot "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Venev v. Wyche, 293 F. 3d 726, 730 (4th Cir. 2002) (citations and internal quotations omitted).

**The Court hereby advises Plaintiff that failure to respond to Defendants' motion may result in Defendants being granted the relief they seek, that is, the dismissal of the Complaint.** Because the Court is just now informing Plaintiff of the heavy burden in responding to Defendants' motion, it will allow Plaintiff an additional twenty-one (21) days from the date of this order to respond to the motion.

**IT IS THEREFORE ORDERED** that Plaintiff may respond to Defendants' Motion to Dismiss (Doc. No. 7) **on or before March 8, 2012.** Failure to file a timely and persuasive response will likely lead to the dismissal of Plaintiff's lawsuit against Defendants.

The Clerk is respectfully DIRECTED to send a copy of this Notice and Order to Plaintiff's address of record.

**IT IS SO ORDERED.**  Signed: February 16, 2012

*[Signature]*

Frank D. Whitney
United States District Judge