UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:11-CV-00516-FDW

| | |
|---|---|
| TERRY A. HARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| CHARLOTTE-MECKLENBURG ) | |
| SCHOOLS, ) | |
| ) | |
| and ) | |
| ) | |
| CHARLOTTE-MECKLENBURG ) | |
| SCHOOLS POLICE DEPARTMENT, ) | |
| ) | |
| Defendants. ) | |

THIS MATTER is before the Court on Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) (Doc. No. 7) wherein Defendants move this Court to dismiss Plaintiff's Complaint for lack of subject-matter jurisdiction on the grounds that Plaintiff does not assert a substantial federal claim. For the reasons set forth, Defendants' Motion is GRANTED in part and DENIED in part.

## I. BACKGROUND

Plaintiff, who is proceeding *pro se*, filed suit using a form complaint on October 18, 2010, alleging the violation of his civil rights under 42 U.S.C. § 1983 when Charlotte-Mecklenburg Board of Education ("CMS") banned him from school property, including school bus stops. (Doc. No. 1).

About twenty years ago, Plaintiff pled guilty to third-degree sex abuse, a misdemeanor,

-1-

in the state of New York. Plaintiff was not given probation or any post-trial directions as a result of this crime because sex offender registrations had not been created. Therefore, Plaintiff has never been required to register as a sex offender with respect to this crime. (Doc. No. 1; Doc. No. 7-1). On or about September 25, 2011, Plaintiff was arrested and charged with two sex crimes in Mecklenburg County. On September 27, 2011, Plaintiff received a notice from CMS banning him from all schools and school properties as a result of the new charges. On October 18, 2011, Plaintiff's two charges were dismissed because the prosecutor declined to indict Plaintiff. (Doc. No. 11-1). However, CMS did not lift Plaintiff's ban from all school properties.

Plaintiff filed a Complaint on the same day that his charges were dismissed, October 18, 2011, alleging that CMS had violated his constitutional rights, privileges or immunities by not lifting the ban. (Doc. No. 1). Plaintiff's Complaint emphasized the need to take his disabled child to and from the bus stop as well as occasionally accompany her to school or have contact with her during school hours. Plaintiff alleges that CMS banned him solely on the basis that he was a registered sex offender. However, Plaintiff remained banned from all school properties even after the sex charges were dismissed in October and regardless of the fact that Plaintiff was never required to register as a sex offender. The ban disallowing Plaintiff to go near school property or bus stops remained in effect until November 15, 2011, when CMS voluntarily lifted the ban.

CMS moved to dismiss the Complaint for lack of subject-matter jurisdiction noting that the Fourth Circuit Court of Appeals has previously recognized that a school may ban a parent from school property without violating their constitutional rights. Lovern v. Edwards, 190 F.3d 648 (4th Cir. 1999).

## II. STANDARD OF REVIEW

In an abundance of caution, the Court issued a Notice advising *pro se* Plaintiff of the burden he carries in confronting Defendants' motion. Federal courts are courts of limited jurisdiction, and are duty bound to ensure that they have jurisdiction over the matters before them. Mayberry v. Independent School District No. 1, 2008 WL 5070703 (N.D. Okla.). In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court advised Plaintiff that he carries the burden in showing that subject-matter jurisdiction exists. According to Mayberry v. Independent School District No. 1, 2008 WL 5070703 (N.D. Okla.), the court noted:

> In order to establish federal jurisdiction under 28 U.S.C. § 1331, there must be "a substantial claim founded directly upon federal law." Mescalero Apache Tribe v. Martinez, 519 F.2d 479, 481 (10th Cir. 1975). A claim is insubstantial if "its soundness so clearly results from the previous decisions of this court as to foreclose the subject and leave no room for the inference that the questions sought to be raised can be the subject of controversy." Hagans v. Lavine, 415 U.S. 528, 538; 94 S.Ct. 1372 (1974). A motion to dismiss for lack of subject matter jurisdiction may be based on either factual or legal grounds. Dry v. United States, 235 F.3d 1249, 1252-53 (10th Cir. 2000). A challenge to subject matter jurisdiction based upon legal grounds . . . is governed by the same standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6). Id. at 253. In Bell Atlantic Corp. v. Twombly, the court ruled that to withstand a Rule 12(b)(6) motion to dismiss for failure to state a claim, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." 550 U.S. 544; 127 S.Ct. 1955, 1974; 167 L.Ed.2d 929 (2007). Under this standard, "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims. Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008) (emphasis added).

In Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768-69 (4th Cir. 1991), the Fourth Circuit recognized:

> In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982); Trentacosta v.

Frontier Pac. Aircraft Indus., 813 F.2d 1553, 1558 (9th Cir. 1987). The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material facts exists. Id. at 1559 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986)). The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. Trentacosta, 813 F.2d at 1558.

### III. DISCUSSION

This Court must consider whether Plaintiff has met the requirements to show subject-matter jurisdiction exists. The crux of Defendants' motion is that Plaintiff does not assert a substantial federal claim; therefore, this Court lacks subject-matter jurisdiction. The district court may address the issue of subject-matter jurisdiction in two ways: (1) the court may find insufficient allegations in the pleadings, viewing the alleged facts in the light most favorable to the plaintiff, similar to an evaluation under Rule 12(b)(6); or (2) after an evidentiary hearing, the court may weigh the evidence in determining whether the facts support the jurisdictional allegations. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Defendants' contend that the former option is applicable to this case, and the Court agrees.

The mere assertion of a federal claim is not sufficient to obtain jurisdiction. Davis v. Pak, 856 F.2d 648, 650 (4th Cir. 1988). Plaintiff must assert a "substantial federal claim" or one that is not "constitutionally insubstantial." Id.; see also Justice v. Farley, 2012 WL 83945 (E.D.N.C.) ("Where a claim is obviously without merit, a federal district court is precluded from exercising jurisdiction"). A court must grant a 12(b)(1) motion if the claim "appears to be immaterial and made solely for the purpose of obtaining jurisdiction or . . . is wholly insubstantial and frivolous." Bell v. Hood, 327 U.S. 678, 682 (1946).

In the Complaint, Plaintiff alleges that Defendant violated his constitutional rights to parenting and freedom of movement. (Doc. No. 1). In his reply to Defendant's Motion to Dismiss, Plaintiff alleges that Defendant violated his 5th Amendment rights and 14th Amendment rights. (Doc. No. 9). More specifically, Plaintiff alleges that Defendant violated his parental rights by prohibiting him from being within a certain distance from the bus stops on public streets, not the actual school itself. (Doc. No. 11, p. 2). Defendant contends he and his child experienced hardships during the time he was banned due to his daughter's disability and need for assistance.

The Fourth Circuit Court of Appeals addressed the issue of parents being banned from schools in <u>Lovern v. Edwards</u>, 190 F.3d 648 (4th Cir. 1999). In <u>Lovern v. Edwards</u>, 190 F.3d 648 (4th Cir. 1999), the Court refused to recognize that parents have a constitutional right to enter school property. In <u>Lovern</u>, a parent sued the school district after the superintendent barred him from coming onto the school premises. The parent brought a Section 1983 action and alleged that the school's actions violated the parent's First Amendment rights and "parental rights" under the Fourteenth Amendment. <u>Id.</u> at 652.

The Fourth Circuit in <u>Lovern</u> observed that "school officials have the authority to control students and school personnel on school property, and also have the authority and responsibility for assuring that parents and third parties conduct themselves appropriately while on school property. <u>See</u> <u>Lovern</u>, 190 F.3d at 655. Based on the facts of that case, the court was unable to conclude that plaintiff's constitutional rights were violated by the ban. <u>Id.</u> The court dismissed the case for lack of subject-matter jurisdiction because the plaintiff's claims were insubstantial and frivolous. <u>Id.</u> at 656.

In Justice v. Farley, 2012 WL 83945 (E.D.N.C.), the North Carolina court upheld the decision that parents have a constitutional right to direct their children's education without unreasonable interference; however, this right is "limited in scope and does not include the unfettered right to access school premises." Other courts have also held that parents have no constitutional right to access school property. See Vukadionovich v. Bd. of School Trustees of Michigan Area Schools, 978 F.2d 403, 409 (7th Cir. 1992) ("Members of the public have no constitutional right to access public schools."); Mejia v. Holt Public Schools, 2002 WL 1492205 (W.D. Mich. 2002) ("A school may ban a person, including a parent, from going to school property . . . without any fundamental right to go onto or access school property."). Plaintiff appears to stipulate to this fact in his Sur-Reply. (Doc. No. 11, p. 2). However, Plaintiff clarifies that his parental rights were violated when the ban restricted him from having physical access to the bus stops on public streets, not the school itself. (Doc. No. 11). To the extent Plaintiff asserts his § 1983 claim for not being allowed on the physical school premises, this Court does not have subject-matter jurisdiction.

What is unclear, however, is whether school bus stops on public streets constitute or are effectively school property. Defendants' motion fails to cite any authority - statutory or otherwise - to sufficiently direct this Court to conclude that a bus stop is school property. Because they fail to argue this point, the Court will deny without prejudice the motion to the extent it seeks dismissal on that part of Plaintiff's claims. Subject-matter jurisdiction can be raised at any time during the case, Justice v. Farley, 2012 WL 83945 (E.D.N.C.), and the Court can revisit this issue should it be appropriately briefed by the parties.

### IV. CONCLUSION

For the foregoing reasons, this Court concludes that Defendants' Motion to Dismiss (Doc. No. 7) is GRANTED in part and DENIED in part.

IT IS SO ORDERED.

Signed: July 2, 2012

Frank D. Whitney
United States District Judge