UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:11-CV-00516-FDW-DSC

| | |
|---|---|
| TERRY A. HARRIS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CHARLOTTE-MECKLENBURG )<br>SCHOOLS, )<br>)<br>and )<br>)<br>CHARLOTTE-MECKLENBURG )<br>SCHOOLS POLICE )<br>DEPARTMENT, )<br>)<br>Defendants. )<br>) | ORDER |

THIS MATTER is before the Court on Defendants'[1] second Motion to Dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. (Doc. Nos. 15, 15-1). Defendants contend the Court lacks subject matter jurisdiction, among these non-diverse litigants, because Plaintiff has failed to raise a substantial federal claim. Id. For the reasons discussed below, Defendants' Motion is **GRANTED**.

**I. BACKGROUND**

Pro se plaintiff Terry A. Harris ("Plaintiff"), who is proceeding *in forma pauperis*, is the parent of a student who is enrolled in the Charlotte-Mecklenburg Schools public school system.

---

[1] Plaintiff is advised that Defendants contend that they are named incorrectly in this action and that the proper name, as Defendant, is "Charlotte-Mecklenburg Board of Education."

1

(Doc. No. 1). On September 25, 2010, Plaintiff was arrested and charged with two sex crimes involving a minor. (Doc. Nos. 1, 21). By letter dated September 27, 2010, Vincent "Bud" Cesena ("Mr. Cesena"), Charlotte-Mecklenburg Schools Chief of Police, informed Plaintiff that he was banned from all school property because of his "recent arrest and criminal charges." (Doc. Nos. 9-1, 21, 23; Cesena Aff. ¶¶ 4, 5, 6, Doc. No. 22-1). Subsequently, on October 18, 2010, Plaintiff's criminal charges were dismissed. (Doc. Nos. 1, 9, 11-1, 21).

On or about July 6, 2011, Defendants received a letter from an advocacy group asking that the ban against the Plaintiff be lifted because his 2010 criminal charges had been dismissed. (Cesena Aff. ¶ 13, n.1, Attach. B, Doc. No. 22-1). Shortly thereafter, Defendants independently verified that Plaintiff's 2010 criminal charges had been voluntarily dismissed. (Cesena Aff. ¶ 14, Doc. No. 22-1).

In September 2011, Board of Education member Richard McElrath ("Mr. McElrath") contacted Mr. Cesena and requested that he send Plaintiff a letter explaining the appeal process. (Cesena Aff. ¶ 15, Doc. No. 22-1). As requested, Mr. Cesena sent a letter, dated September 22, 2011, explaining the appeals process to Plaintiff and requesting that he schedule an appointment. (Cesena Aff. ¶ 15, Attach. D, Doc. No. 22-1). In anticipation of an appeal, Defendant then conducted a background check of the Plaintiff. (Cesena Aff. ¶ 16, Doc. No. 22-1). The background check revealed that Plaintiff had been convicted of a second-degree sex offense in New York that was similar in nature to Plaintiff's 2010 criminal charges. (Cesena Aff. ¶ 16, Attach. C, Doc. No. 22-1). Defendants also became aware that in November/December 2010, Plaintiff had been investigated for having inappropriate sexual contact with his then five-year-old daughter, but that those charges had been deemed "unfounded." (Cesena Aff. ¶ 17, Doc. No. 22-

2

1).

On October 18, 2011, Plaintiff commenced this action alleging that the Defendants violated his "parental rights" and "freedom of movement." (Doc. No. 1). Plaintiff contends that Defendants violated his rights under the Fifth and Fourteenth Amendments to the Constitution. (Doc. Nos. 1, 9). Plaintiff seeks monetary damages in the amount of $250,000. (Doc. No. 1).

Defendants filed a motion to dismiss for lack of subject matter jurisdiction on November 28, 2011. (Doc. Nos. 7, 7-1). The Court held it lacked subject matter jurisdiction, to the extent Plaintiff asserts a § 1983 claim for not being allowed on school property. (Doc. No. 13) (granting in part, denying in part). However, Defendants failed to cite any authority that could lead the Court to conclude that school bus stops on public streets are, or are effectively, school property. Id.

Defendants have filed a second motion to dismiss for lack of subject matter jurisdiction. (Doc. Nos. 15, 15-1). Both parties have submitted their responses and supplemental pleadings and the matter is ripe for ruling.[2]

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction. Aldinger v. Howard, 427 U.S. 1, 15 (1976). Accordingly, a federal court must dismiss a case whenever it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); Goldsmith v. Mayor & City Council of Balt., 845 F.2d 61, 64 (4th Cir. 1988). Ultimately, the plaintiff has the burden of proving that subject matter

---

[2] Further review of the pleadings revealed that some of the dates used by the parties (Doc. Nos. 1, 7-1, 10) and the Court (Doc. No. 13) were incorrect. Therefore, the Court ordered (Doc. No. 21) the parties to file supplemental pleadings (Doc. Nos. 22, 23, 24, 25) in order to clarify any mistakes. However, the inaccurate dates used by the Court do not in any way affect its Order (Doc. No. 13) on Defendants' first motion to dismiss (Doc. No. 7).

jurisdiction exists. Richmond, Fredericksburg & Potomac R.R. v. United States, 945 F.2d 765, 768 (4th Cir. 1991) (citing Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)). A court will grant a Rule 12(b)(1) motion to dismiss "if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id. When a defendant challenges subject matter jurisdiction, "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Id.

### III. DISCUSSION

Proceeding under 42 U.S.C. § 1983, Plaintiff alleges that Defendants violated his "parental rights" when he was banned from school bus stops on public streets.[3] (Doc. Nos. 1, 9, 11, 19). Defendants contend that Plaintiff has failed to raise a substantial federal claim; therefore, the Court lacks subject matter jurisdiction. (Doc. Nos. 15, 15-1).

Plaintiff claims the Court has jurisdiction under § 1983 (Doc. No. 1); however, the mere existence of a cause of action under section 1983 does not confer subject matter jurisdiction. See Goldsmith, F.2d at 63; see also Davis, 856 F.2d 650 (4th Cir. 1988). In order to establish jurisdiction under section 1983, Plaintiff must rely on either: 28 U.S.C. § 1343(a)(3), the jurisdictional counterpart to section 1983; or 28 U.S.C. § 1331, the general federal question statute.[4] Davis, F.2d at 650. Furthermore, federal jurisdiction requires a party assert a *substantial* federal claim. Id. (citing Hagans v. Lavine, 415 U.S. 528, 536-37 (1974)) (emphasis

---

[3] While Plaintiff also claims a violation of his "freedom of movement" (Doc. No. 1), he has alleged no facts to suggest any such violations.

[4] Since Plaintiff asserts only the due process violation as the basis of jurisdiction, the jurisdictional analysis under both statutes is the same. Davis, 856 F.2d 650, n.2 (4th Cir. 1988).

added). The Supreme Court has emphasized that "the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and insubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly insubstantial, or no longer open to discussion'" Hagans, U.S. at 536-37 (holding federal courts do not have the jurisdiction to hear frivolous constitutional claims). "The doctrine of substantiality is especially important where a wholly frivolous federal claim serves as a pretext to allow a state law issue, the real focus of the claim, to be litigated in the federal system." Davis, F.2d at 651; see also Lovern v. Edwards, 190 F.3d at 655 (4th Cir. 1999).

Plaintiff cites the Due Process Clause of the Fourteenth Amendment as his substantial federal claim.[5] (Doc. No. 9). The Due Process Clause provides that "[n]o State shall ... deprive any person of life, liberty, or property, without due process of law." U.S. CONST. AMEND. XIV. The touchstone of due process is notice and an opportunity to be heard. See Davis, F.2d at 651 (citing Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542 (1985)). Here, the pleadings are replete with instances of Plaintiff receiving both. (Sept. 27, 2010, Feb. 2011, Feb. 2011, Sept. 22, 2011, Cesena Aff. ¶¶ 5, 10, 12, 18, Doc. No. 22-1; Oct. 25, 2010, Dec. 2010, week of Jan. 17, 2011, Doc. No. 25). Plaintiff stipulates to as much by stating throughout his pleadings that he has "never appealed anything." (Doc. No. 23; Doc. No. 25). Defendants require all persons to adhere to this formal appeals process, even after the resolution of criminal charges, to ensure that no further safety concerns are present. The only reasoning Plaintiff gives for not appealing the ban is his preconceived notion that the process is essentially an "interrogation." (Doc. No. 25). However, Plaintiff cannot characterize an appeal process of which he has never availed

---

[5] Plaintiff also cites the Fifth Amendment as a basis for his substantial federal claim. Plaintiff, however, provides no factual or legal support to substantiate this claim.

himself as an "interrogation." Such a conclusion is completely speculative. If Plaintiff had availed himself of the appeals process, he could have presented any evidence that showed the ban should be lifted, including the dismissal of his 2010 criminal charges. (Doc. No. 22-1).[6] Because Plaintiff declined to utilize the appeals process that was provided to him, he caused or at least substantially contributed to the length of the ban. Since Plaintiff cannot complain about the very problem he invited, any claim that Plaintiff's "parental rights" were violated under the Due Process Clause is at best insubstantial and at worse frivolous. Moreover, other than citing the language of the Fourteenth Amendment, Plaintiff has failed to cite any authority that would lead the Court to believe his Fourteenth Amendment rights were violated.

Setting aside Plaintiff's due process allegation, Plaintiff's claim appears to be that Defendants violated their own policy, and subsequently North Carolina law, by continuing to ban Plaintiff after his 2010 criminal charges were dismissed. This is wholly a North Carolina matter. Plaintiff is a North Carolina resident, suing a North Carolina government entity and its internal police department, over an interpretation of North Carolina law. Presuming, without deciding, Defendants' registered sex offender policy was violated, it is evident that there was no corresponding due process violation. Thus, Plaintiff's due process claim appears to serve only as a pretext to allow a state-law issue, between two non-diverse litigants, to be litigated in federal court.

## IV. CONCLUSION

In sum, this action is dismissed because Plaintiff's claim that Defendants violated his "parental rights" is insubstantial. Plaintiff states that his claims "should be a crime under the

---

[6] Plaintiff also had recourse to an appropriate state process to remedy any grievance he might have with the appeals process given to him by Defendants. N.C.G.S. 115C-45(c).

color of law" and "that a federal judge should have [jurisdiction]." (Doc. No. 11). However, other than merely reciting constitutional amendments and federal statutes, Plaintiff has failed to meet his burden of establishing subject matter jurisdiction. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (federal courts are courts of limited jurisdiction and there is a presumption that federal jurisdiction is lacking).

While the Court recognizes that a pro se plaintiff's pleadings should be construed liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), it is still Plaintiff's responsibility to demonstrate that subject matter jurisdiction exists. Cf. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed." (internal quotation marks omitted)).

**IT IS, THEREFORE ORDERED** that Defendants' second Motion to Dismiss (Doc. No. 15) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (Doc. No. 1) is **DISMISSED** in its entirety for the reasons stated herein. The Clerk is instructed to send a copy of this Order to Plaintiff's address of record and directed to close the case.

**IT IS SO ORDERED.**

Signed: January 23, 2013

*[signature]*

Frank D. Whitney
United States District Judge